```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
SHARBU REDD,

                        Petitioner,          09 Civ. 9819 (JGK)

        - against -                          MEMORANDUM OPINION AND
                                             ORDER
CAROL WOUGHTER, SUPERINTENDENT,
MOHAWK CORRECTIONAL FACILITY,

                        Respondent.
------------------------------------
```

JOHN G. KOELTL, District Judge:

The pro se petitioner, Sharbu Redd, seeks a stay of his habeas corpus petition to allow him to pursue a state court claim of ineffective assistance of appellate counsel by way of a coram nobis petition to the Appellate Division of the New York State Supreme Court. The petitioner argues that his appellate counsel should have asserted the following claims: (1) trial counsel was ineffective for not moving to suppress certain physical evidence; (2) the indictment against him was jurisdictionally defective; and (3) trial counsel was ineffective for not arguing that the indictment was defective.

I

The Court may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially

meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  See Rhines v. Weber, 544 U.S. 269, 277-78 (2005); see also Chambers v. Conway, No. 09 Civ. 2175, 2010 WL 2331974, at *1 (S.D.N.Y. June 9, 2010).

II

First, the petitioner has not demonstrated good cause because the petitioner has not provided any reason for not exhausting his ineffective assistance of appellate counsel claim before bringing his current petition.  The alleged ineffectiveness of appellate counsel might excuse the petitioner's failure to raise the ineffective assistance of trial counsel claim on appeal.  However, it provides no explanation as to why the petitioner did not present his ineffectiveness of appellate counsel claim in a petition for a writ of error coram nobis before bringing this habeas petition. See Scott v. Phillips, No. 05 Civ. 142, 2007 WL 2746905, at *6 (E.D.N.Y. Sept. 19, 2007) (finding no good cause when "actions of [the petitioner's] appellate counsel [did] not explain [the petitioner's] failure to file a petition for a writ of error coram nobis asserting ineffective assistance of appellate counsel").

Second, the petitioner has not demonstrated that his ineffective assistance of appellate counsel claim is potentially

meritorious.  To establish a claim of ineffective assistance of counsel, the petitioner must show both that (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance was prejudicial to his case.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995); see also Garcia-Giraldo v. United States, 691 F. Supp. 2d 500, 510 (S.D.N.Y. 2010).

To meet the first prong of the Strickland test, the petitioner must establish that his appellate counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Strickland, 466 U.S. at 687.  There is a "strong presumption" that appellate counsel's conduct fell within the broad spectrum of reasonable professional assistance, and a petitioner "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688-89); see also Garcia-Giraldo, 691 F. Supp. 2d at 510.  Appellate counsel is not obligated to "raise every nonfrivolous issue that the defendant requests."  Jameson v. Coughlin, 22 F.3d 427, 429 (2d Cir. 1994) (quoting Jones v. Barnes, 463 U.S. 745, 754 n.7 (1983)).

3

Instead, the petitioner must demonstrate that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)).

To meet the second prong of the Strickland test, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Garcia-Giraldo, 691 F. Supp. 2d at 510.

A.

The petitioner first argues that appellate counsel was ineffective for failing to argue that trial counsel was ineffective because trial counsel failed to move properly to suppress a handgun and money that the police recovered in connection with this case. Trial counsel moved for a hearing to suppress these items on the basis that they were obtained without a search warrant, but the trial court rejected the motion because it was evident that a search warrant was in fact executed. The petitioner argues that his trial counsel should have instead moved for suppression of the handgun on the basis

4

that the petitioner had no connection to the gun because it was found inside a safe in his co-defendant's apartment.

Although trial counsel overlooked the fact that a search warrant was issued and erred in moving for a suppression hearing on that basis, appellate counsel was not ineffective in failing to present a claim of ineffective assistance of trial counsel. The petitioner's appellate counsel recognized the petitioner's trial counsel's mistake, and argued that in light of the mistake, the trial court should have given credit to the petitioner's allegation that his counsel had not fully discussed with him the details of the weapon possession charges prior to the petitioner's guilty plea.  Thus, appellate counsel argued, the petitioner should have been allowed to withdraw his guilty plea.  This was a reasonable strategic choice in view of the petitioner's guilty plea, and appellate counsel's failure to present a separate ineffective assistance of counsel claim did not amount to ineffective assistance of appellate counsel.  See Jameson, 22 F.3d at 429 (appellate counsel is not under an obligation to "raise every nonfrivolous issue that the defendant requests"); see also Mayo, 13 F.3d at 533 ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.") (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985)).  Indeed, the fact that appellate counsel knew of trial

counsel's mistake but chose to raise the issue as part of an argument that the petitioner should have been allowed to withdraw his guilty plea indicates that appellate counsel made a strategic choice that that claim was more advantageous than an independent claim for ineffective assistance of counsel. That strategic decision should not be second-guessed. See Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

B.

The petitioner also argues that appellate counsel was ineffective for failing to argue that the indictment was jurisdictionally defective.

First, the petitioner argues that the indictment was jurisdictionally defective because it did not specifically identify him by name in Counts One and Three. He was, however, named in the caption as one of the two defendants, and Counts One and Three charged that "the defendants" committed the specified crimes. (Lyons Decl. Ex. B.) This was sufficient to apprise the petitioner of the charge against him, and the indictment was therefore jurisdictionally valid. See Franco v. Walsh, 00 Civ. 8930, 2002 WL 596355, at *11 (S.D.N.Y. Apr. 17, 2002) (determining that an indictment naming the petitioner as a

6

defendant in the caption and referring to "the defendants" in each count was sufficient to apprise petitioner of the charge against him), aff'd, 73 F. App'x 517 (2d Cir. 2003).

Second, the petitioner argues that Count Eleven of the indictment was jurisdictionally defective because it failed to allege a statutory exception of "home or business."  Count Eleven charges criminal possession of a weapon in the second degree in violation of New York Penal Law section 265.03(1)(b) because the defendant possessed a loaded firearm with the intent to use the same unlawfully against another person.  The "home or business" exception applies only to section 265.03(3), which makes it unlawful to possess a loaded firearm.  See N.Y. Penal Law § 265.03(3) ("Such possession shall not . . . constitute a violation of this subdivision if such possession takes place in such person's home or place of business.") (emphasis added).  Thus, this argument is without merit.

Third, the petitioner argues that the indictment was jurisdictionally defective because the drug related counts referred to cocaine when he was actually arrested for selling crack cocaine.  However, the petitioner concedes that crack cocaine is a controlled substance.  Thus, the petitioner is not alleging that the drug counts failed to charge all material elements of the offenses, but rather that they were factually insufficient.  However, "an insufficiency in the factual

7

allegations of an indictment is not a jurisdictional defect." Taub v. Altman, 814 N.E.2d 799, 806 n.8 (N.Y. 2004). Instead, "where an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid." People v. Champion, 798 N.Y.S.2d 567, 569 (App. Div. 2005). In this case, the drug charges in the indictment specified the provisions of the Penal Law under which the petitioner was charged, and were therefore jurisdictionally valid.

Fourth, the petitioner argues that the indictment was jurisdictionally defective because it contained charges that were not listed in the criminal complaint. However, a "grand jury indictment supercede[s] any prior accusatory actions, rendering any alleged pre-indictment deficiencies irrelevant." Brown v. Perlman, 03 Civ. 2670, 2006 WL 2819654, at *6 (S.D.N.Y. Sept. 29, 2006); see also People v. Wilkins, 599 N.Y.S.2d 49, 50 (App. Div. 1993) ("[T]he Grand Jury is not limited to consideration of only those charges which may have been contained in a prior felony complaint."). Therefore, this argument is also without merit.

8

For all of the reasons explained above, the petitioner has failed to show that his appellate counsel was ineffective for failing to raise this claim, which has no merit.

C.

Finally, the petitioner argues that appellate counsel was ineffective for failing to argue that trial counsel provided ineffective assistance by not raising the four indictment issues stated above.  Because there is no merit to the petitioner's claim that the indictment was jurisdictionally defective, trial counsel was not ineffective for failing to assert that claim. See Aparicio v. Artuz, 269 F.3d 78, 99 n.10 (2d Cir. 2001) (finding that because the petitioner's underlying claim was meritless, neither appellate nor trial counsel was ineffective for failing to raise it).  Accordingly, appellate counsel was not ineffective for failing to raise the claim of ineffectiveness of trial counsel.

## CONCLUSION

For all of the reasons stated above, the petitioner's motion to stay is **denied**. The petitioner should submit his reply to the respondent's response to his habeas petition, if any, by **January 3, 2011**. The Clerk of the Court is directed to close Docket No. 7.

**SO ORDERED.**

**Dated:**   **New York, New York**
             **December    , 2010**

 _____
            **John G. Koeltl**
    **United States District Judge**

## CONCLUSION

For all of the reasons stated above, the petitioner's motion to stay is **denied**. The petitioner should submit his reply to the respondent's response to his habeas petition, if any, by **January 3, 2011**. The Clerk of the Court is directed to close Docket No. 7.

**SO ORDERED.**

Dated:   New York, New York
         December 2, 2010

_____
John G. Koeltl
United States District Judge

10